UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES MUSGROVE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-08-177 |
| | § | |
| ARIEL BURKS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

James Musgrove (TDCJ # 653775), an inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division, (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with conditions of his confinement. Musgrove, who proceeds *pro se* and *in forma pauperis*, has also filed an amended complaint. In order to properly evaluate the plaintiff's claims, the Court ordered, via a *Martinez*[1] report, relevant grievances. After considering all the pleadings and the applicable law, the Court will dismiss this case for reasons set forth below.

**I.    BACKGROUND**

Musgrove, who is presently incarcerated at the Polunsky unit, sues the following officials employed by the TDCJ at the Darrington unit facility: (1) Assistant Warden Todd Harris; (2) former Director Nathaniel Quarterman; (3) Officer Ariel Burks; (4) Officer Davis; (5) Officer Lakendra Dently; (6) Officer Hester Jones; (7) Officer Taylor; (8) Officer Weeks; and (9) John Doe #s 1 - 3. The complaint is summarized below.

Musgrove alleges that in 2008, defendant Burks and Dentley retaliated against him to discourage him from taking showers by stealing his personal property (a "trapper keeper"),

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987).

1

throwing the personal property in his cell into disarray and stomping on his bed with filthy shoes while he was in the shower. Musgrove states that the defendants seek to discourage the taking of showers because they don't want to do their jobs. Musgrove believes that Burks is responsible for other acts of retaliation by defendant Davis, who terminated showers too quickly and sometimes refused to turn on the hot water.

Musgrove also claims that Defendant Taylor delayed his visitation with his parents, forcing them to leave "visibly upset."

Finally, Musgrove alleges that while attempting to clear a blocked sink, two prisoners broke the sink and the seal on the drain pipe in his cell, causing water to puddle on his cell floor. He blames Assistant Warden Todd Harris and former Director Quarterman for failing to hire professional plumbers to fix the sink.

## II.   STANDARD OF REVIEW

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

## III.   DISCUSSION

With respect to Musgrove's complaint about the loss or destruction of personal property, it is well established that a negligent, or even intentional, deprivation of property by state

officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34. Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996; *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Thus, Musgrove's allegation that items of personal property were thrown into disarray, lost or destroyed in an unauthorized manner fails to state a claim. *See Myers*, 97 F.3d at 95; *see also Leggett v. Williams*, 277 F. App'x 498, 500, 2008 WL 1984271 (5th Cir. 2008) (holding that the plaintiff's claim that his property was confiscated and destroyed as an act of retaliation for his status as a writ writer was barred by the *Parratt/Hudson* doctrine).

With regard to Musgrove's visitation privileges, it is well settled that inmates have no absolute constitutional right to receive visits while in prison. *See McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.), *cert. denied*, 423 U.S. 859 (1975). The Fifth Circuit has repeatedly held that "[v]isitation privileges are a matter subject to the discretion of prison officials." *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (quoting *McCray*, 509 F.2d at 1334); *see also Thorne v. Jones*, 765 F.2d 1270, 1273, *cert. denied*, 475 U.S. 1016 (1986). Musgrove contends only that his parents were visibly upset during one visitation and chose to leave the visitation early. Under these circumstances, Musgrove's complaint that the defendants interfered with his visitation privileges fails to present "a cognizable claim." *Berry*, 192 F.3d at 508.

The remainder of Musgrove's complaints refer to random allegations of retaliatory interference with his showers. His allegations are insufficient to make a claim of retaliation. To state a claim of retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the

defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). A prisoner's personal belief that retaliation must have been the reason for the adverse action is insufficient to state a valid claim under 42 U.S.C. § 1983. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Moreover, a claim of retaliation must spring from the initial violation of a constitutional right. Musgrove has not identified a constitutional right that has been violated.

Musgrove does not specifically attribute his complaints about the plumbing to Assistant Warden Harris or former Director Quarterman personally. In that respect, the conclusory allegations made by Musgrove are insufficient to show that Assistant Warden Harris or former Director Quarterman had any improper retaliatory motive or personal involvement with a retaliatory adverse act where Musgrove's plumbing complaints were concerned. Absent specific facts showing that Assistant Warden Harris or former Director Quarterman had the requisite personal involvement with a constitution violation, Musgrove's complaint fails to state a claim upon which relief can be granted. Because Musgrove fails to show that any of the claims in his complaint are valid under 42 U.S.C. § 1983, this case will be dismissed.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** that the complaint is **DISMISSED** with prejudice as legally frivolous for purposes of 28 U.S.C. § 1915(e)(2)(b).

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler**

**Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

    SIGNED at Houston, Texas this 4th day of August, 2011.

                                               Kenneth M. Hoyt
                                               United States District Judge